Kirk PRITCHARD, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 05–6167–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Shari A. Alexander (Douglas F. Broder on the brief), Kirkpatrick & Lockhart Preston Gates Ellis LLP, New York, N.Y., for Petitioner.

Andrew M. McNeela, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent.

Present: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the petition is **DENIED,** and that petitioner's motion for a stay of deportation is **DISMISSED** as moot.

Petitioner Kirk Pritchard, a native and citizen of Trinidad and Tobago, seeks review of a November 18, 2003 decision of the Board of Immigration Appeals ("BIA"), which summarily affirmed an April 7, 2003 decision of Immigration Judge ("IJ") Alan Page, ordering Pritchard removed from the United States. *In re Kirk David Pritchard,* No. A31–397–362 (B.I.A. Nov. 18, 2004), *aff'g* No. A31–397–362 (Immig.Ct.N.Y.City, Apr. 7, 2003). The IJ pretermitted as futile Pritchard's application for a waiver of deportation under former section 212(c) of the Immigration and Nationality Act ("INA"), holding that this form of relief was not available to Pritchard in light of the provision's repeal in 1996. We assume the parties' familiarity with the facts of the case and its procedural history.

Before us, Pritchard first presses procedural objections to the order of removal. He notes that the government initially alleged that he was deportable on two grounds, but that he was ultimately ordered removed on a third ground, with which he was first charged over three years after the Notice to Appear, after the case had been twice up to and down from the BIA. Relying on these facts, Pritchard contends that the government should be barred by equitable estoppel or by *res judicata* from deporting him on the third ground. Petitioner, however, failed to exhaust these issues before the agency, and we decline to consider petitioner's equitable estoppel and *res judicata* arguments.[1]

---

1. We note, in passing, that petitioner's procedural arguments appear to be without merit. The applicable regulations explicitly permit the filing of additional charges "[a]t any time" after the initial proceedings have commenced. 8 C.F.R. § 1003.30. Moreover, equitable estoppel is applied against the government "only in those limited cases where the party can establish both that the Government made a misrepresentation upon which the party reasonably and detrimentally relied and that the Government engaged in affirmative

*See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22 (2d Cir.2007).

■ Petitioner also disputes the substance of the agency's decision. Pritchard concedes that his second conviction for a crime of moral turpitude rendered him deportable under 237(a)(2)(A)(ii) of the INA. He claims, instead, that the agency violated his right to due process when it refused to consider on its merits his application for section 212(c) relief. In response, the government notes that section 212(c) was repealed in 1996, after Pritchard pleaded guilty to his first crime of moral turpitude, but before he pleaded guilty to his second. The government asserts that the repeal deprives Pritchard of any entitlement to section 212(c) relief. Insofar as Pritchard claims that such deprivation violates the Due Process Clause of the Fifth Amendment, his argument lacks merit. *See, e.g., Kuhali v. Reno,* 266 F.3d 93, 111–12 (2d Cir.2001).

In these circumstances, petitioner's only conceivable means of challenging the agency's order would be for him to show that depriving him of section 212(c) relief would be impermissibly retroactive, so that, under *INS v. St. Cyr,* 533 U.S. 289, 322–23, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), we would presume that Congress did not intend the repeal to apply to his case. Pritchard, however, makes no such submission. Though petitioner's opening brief mentions *St. Cyr* in support of his "due process" argument, his reply brief makes it clear that the question of "whether the repeal of § 212(c) was retroactive as applied to Mr. Pritchard" was "not raised by

Mr. Pritchard" in his opening brief. Petitioner's Reply Brief at 1. Accordingly, we do not decide whether a retroactivity argument, if properly before us, would succeed. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 172 (2d Cir.2004).

For the foregoing reasons, we **DENY** the petition for review. Petitioner's motion for a stay of deportation pending our review is **DISMISSED** as moot.

---

misconduct." *United States v. Paredes–Batista,* 140 F.3d 367, 375 (2d Cir.1998) (quotation marks omitted). In this case, the government appears neither to have represented that it would bring no further charges, nor to have engaged in affirmative misconduct. And *res judicata* would not seem to apply where, as here, there was no final order on the merits

prior to the lodging of the additional charge. *See Valencia–Alvarez v. Gonzales,* 469 F.3d 1319, 1331 (9th Cir.2006).

